1
2
3
4
5
6
7
8
9          **UNITED STATES DISTRICT COURT**
10          **SOUTHERN DISTRICT OF CALIFORNIA**
11

12  JULIA SOROKIN, LOUIS A. BRAVO,          CASE NO. 10cv1842 WQH (BLM)

13                        Plaintiffs,        **ORDER**

           vs.
14  JULIO SANDOVAL, in his official
    capacity as San Diego County Sheriff's
15  Detective, SHERIFF'S DEPARTMENT
    OF SAN DIEGO COUNTY, CARLOS
16  VASQUEZ, in his official capacity as San
    Diego Sheriff's Detective, LENICE
17  LOPEZ, in her official capacity as San
    Diego County Sheriff's Detective, LAS
18  COLINAS WOMEN DETENTION
    FACILITY, COUNTY OF SAN DIEGO
19
20                        Defendants.

21  HAYES, Judge:

22          The matter before the Court is Plaintiffs' Motion for Summary Judgment (ECF No. 9).

                        **BACKGROUND**
23
            On September 3, 2010, Plaintiffs filed the Complaint.  (ECF No. 1).
24
            On September 23, 2010, Defendants Sheriff's Department of San Diego County,
25
    Lenice Lopez, Las Colinas Women Detention Facility, and County of San Diego filed an
26
    Answer and on September 28, 2010, Defendants filed an Amended Answer.  (ECF No. 6).
27
            November 3, 2010, Plaintiffs filed a Motion for Summary Judgment.  (ECF No. 9).
28
    On November 18, 2010, Defendants filed an Opposition to Plaintiffs' Motion for Summary

1   Judgment.  (ECF No. 11).  On December 3, 2010, Plaintiffs Submission of Evidence In
2   Support of Motion for Summary Judgment was filed.  (ECF No. 15).  On December 8,
3   2010, Plaintiffs' Final Submission of Evidence in Support of Motion for Summary
4   Judgment was filed.  (ECF No. 17).

5                        **ALLEGATIONS OF THE COMPLAINT**

6           Plaintiffs' unverified Complaint alleges that New York Police Department
7   ("NYPD") Detective Terrance Hayes instructed San Diego Sheriff County Detectives Julio
8   Sandoval, Carlos Vasquez, and Lenice Lopez to assist in an unlawful arrest and extradition
9   of Plaintiff Julia Sorokin.  (ECF No. 1 at 4-5).  On December 2, 2008, Detectives Sandoval
10  and Vasquez "assaulted" Sorokin, who was three months pregnant, "with the use of
11  extreme violence and the use a Taser gun."  *Id*. at 5.   Sorokin was handcuffed and searched
12  in the street outside her home.  Defendants drove Sorokin around while they interrogated
13  her and eventually took her to Las Colinas Women's Detention Facility ("Las Colinas").
14  Sorokin was not provided medical care or food and water at Las Colinas and was subject to
15  sexual advances by a male Sheriff's Deputy.  Sorokin appeared before a judge but was not
16  told the charges against her.

17          NYPD Detective Hayes and Defendants Sandoval and Vasquez searched Sorokin's
18  house without a search warrant.  The private information obtained without a search warrant
19  was used against Sorokin in a criminal prosecution in New York.

20          On December 16, 2008, NYPD Detective Hayes came to Las Colinas with
21  Defendants Sandoval and Vasquez, NYPD Detective Hayes put a sweater on Sorokin
22  during a hot day, and then they all took Sorokin to the San Diego airport for transport to
23  New York.

24          Plaintiffs were evicted from their home, they lost all of their property, and they lost
25  their businesses because Defendants Sandoval and Vasquez told Plaintiffs' property
26  management company that Plaintiffs were conducting illegal activity from their apartment.

27          Plaintiffs assert claims of deprivation of rights under color of law, conspiracy,
28  violations of the fourth, sixth, and eighth amendments, and negligence.

**CONTENTIONS OF THE PARTIES**

Plaintiffs  assert that, "[n]othing can change the fact that" the events happened as Plaintiffs allege in the Complaint.  (ECF No. 9-1 at 2.)  Plaintiffs contend that "[w]here the law of a case, as here, is so compellingly controlling that the material facts already established dictate a result that cannot be altered by the jury's making any finding of immaterial fact ... this court should grant summary judgment as a just and economical use of its limited judicial resources."  *Id*. at 7.   Plaintiffs contend that Sorokin was never told of the charges against her, she refused to sign the waiver during the proceeding, and her signature on the waiver of extradition form was forged.  Plaintiffs state that they will be requesting to "submit to a forensic document handwriting exam during discovery in order to prove this accusation."  (ECF No. 15 at 3-4, 14).

Defendants assert that Detectives Sandoval and Vasquez arrested Sorokin pursuant to a New York extradition warrant and transported her to Las Colinas.  Defendants assert that they did not interrogate Sorokin or perform a search on her residence.  Defendants assert that on December 4, 2008, Sorokin appeared before Superior Court Judge Szumowski, Sorokin was provided a public defender, and Sorokin admitted to being the person against whom the criminal proceedings had been initiated and voluntarily agreed to waive extradition.  Defendants assert that on December 16, 2008, detectives from New York arrived to extradite Sorokin and Defendants Sandoval and Vasquez provided transportation to the airport.

**DISCUSSION**

Plaintiffs submit a copy of the minutes from Sorokin's hearing before San Diego Superior Court Judge Szumowski on December 4, 2008, and the transcript from that hearing, as well as a copy of the minutes from Superior Court Judge Szumowski's review hearing conducted on December 24, 2008, to show that Sorokin was not informed of the charges against her.  Plaintiffs submit a copy of Sorokin's true signature and a copy of Sorokin's forged signature, as well as the "Waiver of Extradition" bearing the signature of Julia Sorokin. Finally, Plaintiffs submit part of the transcript from Sorokin's arraignment in

1   New York in which Plaintiffs' rental application was discussed to show that Defendants

2   Vasquez and Sandoval illegally searched Plaintiffs' apartment.

3          Defendants submit a waiver of extradition dated December 4, 2008, bearing the

4   signature of Julia Sorokin.  Defendant Lopez submits a Declaration in which she states that

5   she believed and continues to believe the extradition warrant was valid and she is not aware

6   of any San Diego County Sheriff's Department officer having searched Sorokin's

7   residence.   Defendant Sandoval also submits a Declaration and states that he believed the

8   warrant was valid.  Sandoval states in his Declaration that he and his partner Vasquez

9   arrested Sorokin outside her residence using no force other than placing her wrists in

10  handcuffs behind her back.  Sandoval states in his Declaration that he and Vasquez did not

11  interrogate Sorokin, they conducted an inventory of the possessions Sorokin was carrying

12  but did not search her residence, and they brought Sorokin to Las Colinas within an hour of

13  the arrest.  Sandoval stated in his Declaration that he told Sorokin that she was wanted by

14  the New York District Attorney to be transported to New York to face fraud charges.

15  Sandoval stated in his Declaration that on December 16, 2008, he and Vasquez drove

16  Sorokin and NYPD Detective Hayes to the San Diego airport while Sorokin was wearing

17  the same clothes she had been arrested in.

18         Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil

19  Procedure where the moving party demonstrates the absence of a genuine issue of material

20  fact and entitlement to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *see also Celotex*

21  *Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A fact is material when, under the governing

22  substantive law, it could affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*,

23  477 U.S. 242, 248 (1986).  A dispute over a material fact is genuine if "the evidence is such

24  that a reasonable jury could return a verdict for the nonmoving party."  *Id.*

25         A party seeking summary judgment always bears the initial burden of establishing

26  the absence of a genuine issue of material fact.  *See Celotex*, 477 U.S. at 323.  If the

27  moving party satisfies its initial burden, the nonmoving party must "go beyond the

28  pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and

admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).

In ruling on a motion for summary judgment, the Court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Credibility determinations [and] the weighing of evidence . . . are jury functions, not those of a judge, [when] he is ruling on a motion for summary judgment." *Anderson*, 477 U.S. at 255.

Plaintiffs Complaint is unverified and cannot be considered as evidence. *Moran v. Selig*, 447 F.3d 748, 759-60 (9th Cir. 2006) (citations omitted). Plaintiffs have not satisfied their burden of establishing that there is an absence of a genuine issue of material fact and they are entitled to judgment as a matter of law.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Summary Judgment (ECF No. 10) is **DENIED**.

DATED: February 4, 2011

**WILLIAM Q. HAYES**
United States District Judge