|  |  |
|---|---|
| JULIA SOROKIN, LOUIS A. BRAVO, | Case No. 10cv1842- WQH (BLM) |
| Plaintiffs, | **ORDER (1) GRANTING IN PART DEFENDANTS' REQUEST FOR SANCTIONS, (2) SETTING NEW DISCOVERY DATES, AND (3) VACATING THE APRIL 15, 2011 SETTLEMENT CONFERENCE** |
| v. | |
| SHERIFF'S DEPARTMENT OF SAN DIEGO COUNTY, et al., | |
| Defendants. | [ECF No. 25] |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

In 2010, Plaintiffs Julia Sorokin and Louis Bravo filed three complaints in the Southern District of California. In May, Plaintiffs filed a civil rights complaint against a number of individuals and entities involved in law enforcement in New York City. 10cv1153-WQH(BLM). In September 2010, Plaintiffs filed the instant civil rights complaint against a number of individuals and entities involved in law enforcement in San Diego. ECF No. 1. In the same month, Plaintiffs filed a complaint against Dow Jones, The Wall Street Journal and an individual. 10cv1861-WQH(BLM). In February 2011, the first and third cases were transferred to the Southern District of New York. As a result, only the instant case remains in the Southern District of California.

On December 6, 2010, after consulting with all parties, this Court issued a scheduling order setting discovery deadlines and requiring the parties to complete all discovery by July 1, 2011. ECF No. 13. In accordance with the Court's order, Defendants noticed the depositions of both

Plaintiffs and served on Plaintiffs Requests for Production of Documents, Requests for Admission, and Special Interrogatories. ECF No. 25-2 at 3, Ex. B. Plaintiffs failed to appear for their depositions and failed to respond to any of the written discovery. As a result, Defendants were forced to file the instant motion for sanctions. ECF No. 25. Plaintiffs filed an untimely opposition, which this Court accepted on discrepancy. ECF Nos. 28 &29. In their opposition, Plaintiffs indirectly acknowledge that they have not complied with their discovery obligations but they argue that their "principle case" is in New York and that since the instant case is "technically" the same case as the one against the New York law enforcement entities, they should be excused from handling this case at this time. ECF No. 29 at 2-4. Plaintiff's arguments are without merit.

On February 28, 2011, the Court issued an order setting a briefing schedule to address the alleged discovery violations and set a court hearing at 9 a.m. on March 29, 2011. ECF No. 24. The Order explicitly required the parties to appear in person at the hearing and warned them that failure to comply with the Order could result in the imposition of sanctions. Id. Neither Plaintiff appeared at the hearing. Defense counsel appeared and the hearing was conducted without Plaintiffs. ECF No. 30.

**A.     Plaintiffs' Failure to Appear at Their Noticed Depositions**

The Federal Rules of Civil Procedure state that a court may impose sanctions if "a party [...] fails, after being served with proper notice, to appear for that person's deposition[.]" Fed. R. Civ. P. 37(d)(1)(A)(i). Under Rule 37, a failure by a party to appear at their deposition will result in sanctions unless the failure "was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Furthermore, in the Case Management Conference Order, the Court required Plaintiffs to contact defense counsel to finalize a date for their depositions and warned them that failure to comply with a "discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37[.]" ECF No. 13. Possible Rule 37 sanctions range from payment of expenses and attorney's fees to dismissal of the action in whole. Fed. R. Civ. P. 37.

In their motion for sanctions, Defendants explain that Plaintiffs' depositions initially were set for December 14, 2010. ECF. No. 25-1 at 2. During the telephonic Case Management

Conference, Plaintiffs explained that Mr. Bravo may not be able to appear at the deposition, as he had a doctor's appointment. ECF No. 25-2 at 2. In light of Mr. Bravo's conflict, the Court ordered Plaintiffs to contact defense counsel, George Brewster, Jr., by December 9, 2010, to finalize their deposition date. ECF No. 13. In compliance with that order, Plaintiffs sent an e-mail to Mr. Brewster suggesting the dates of February 15, 16, or 18, 2011. ECF 25-2 at 2. After a brief exchange, Plaintiffs confirmed that they would be available on those dates. Id. Consequently, Defendants re-noticed the Plaintiffs' depositions for February 16, 2011, and served the notice by mail on December 14, 2010. Id. at 2-3. Mr. Brewster sent Plaintiffs an email reminder about their depositions on February 8, 2011. Id. at 3.

On February 15, 2011, the day before the depositions were scheduled to occur, Plaintiffs informed Mr. Brewster that they would not be attending. Id. Plaintiffs explained that they would be in New York, handling the two related cases that had been transferred there from this district. Id. Following this conversation, Mr. Brewster contacted the Court, notified Plaintiffs that the depositions were going forward the next day, and proceeded with the deposition as scheduled. Id. at 3-4. Plaintiffs did not show and Mr. Brewster noticed their non-appearance. Id. at 4, Ex. D.

In their opposition to the sanction motion, Plaintiffs merely state that the two New York cases have "run into problems that have forced Plaintiffs Julia Sorokin and Louis A. Bravo to be physically present in New York" and that they have had difficulty sending mail and accessing their e-mail. ECF No. 29 at 2. Plaintiffs did not submit any evidence, including a declaration from either Plaintiff, to support their arguments. Plaintiffs also never explain why they could not appear in San Diego for their depositions on February 16th-the date they chose. Finally, Plaintiff's general assertions that it is difficult to handle cases in two districts and that they would prefer to resolve the cases in New York before handling this case do not justify Plaintiffs' complete failure to respond to discovery and to attend required court appearances in this district.[1]

---

[1] Plaintiffs state in their opposition that they sent an e-mail to a judge in New York and to this Court, presumably explaining their problems in New York. ECF No. 29 at 3. Plaintiffs did not include a copy of this e-mail in their opposition, and this Court has no record of having received it. Plaintiffs do not provide the contents of the e-mail, except to say that it is "regarding the problem" of Plaintiff's related cases being transferred to New York. Id. Even if this Court had received an e-mail, it would not excuse Plaintiffs' actions in this case. Merely apprising the

Plaintiffs also contend that they are "not avoiding participation in this action, since technically Sorokin v. Sheriff and Sorokin vs. New York District Attorney's Office are the same case." ECF No. 29 at 3. The Court rejects Plaintiff's argument. While these cases may involve some related issues; they are not the same case. The cases assert different claims against different defendants and Plaintiffs must respond to discovery and participate in court appearances in each of the cases.

Accordingly, this Court finds that Plaintiffs knowingly, voluntarily and intentionally failed to appear at their properly-noticed deposition.    Fed. R. Civ. P. 37(d)(1)(A)(i).  The Court also finds that Plaintiffs' failure to appear was not "substantially justified" and that there are no "other circumstances" that would "make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Thus, sanctions against Plaintiffs are appropriate and required.

### B.     Plaintiff's Failure to Respond to Written Discovery Requests

Defendants also request sanctions on the grounds that Plaintiffs have failed to respond to any written discovery requests. Specifically, Defendants assert that Plaintiffs were served with the following requests: (1) Special Interrogatories, (2) Requests for Production of Documents, and (3) Requests for Admissions. ECF No. 25-1 at 3; ECF No. 25-2 at 3, Ex. B. A court shall impose sanctions where "a party, after being properly served with interrogatories under Rule 33 […] fails to serve its answers, objections or written responses" unless the responding party shows that the failure was "substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d). In addition, a party can be sanctioned for failure to obey an order to permit or provide discovery. Fed. R. Civ. P. 37(b)(2)(A). Finally, though a party is not typically subject to sanctions for their failure to respond to requests for admissions, any requests not responded to within 30 days are deemed admitted. Fed. R. Civ. P. 36(a)(3).

In Defendants' motion for sanctions, Mr. Brewster states that Plaintiffs were served with the discovery requests on January 10, 2011. ECF No. 25-2 at 3. Responses to these requests were due February 12, 2011. Id. On February 8, 2011, Mr. Brewster sent an e-mail to Plaintiffs, reminding them when responses were due. Id. Defendants did not receive timely responses to

---

Court of an ongoing difficulty or indicating an intention to violate a Court order or discovery obligation does not authorize or excuse the subsequent non-performance or non-compliance.

any of their requests.  On Feburary 15, 2011, three days after the deadline to respond,  Plaintiffs sent an e-mail reply to Mr. Brewster, but Plaintiffs did not address their late responses.  Id.  As of March 29, 2011, Defendants had not received any of Plaintiffs' responses.

In their opposition, Plaintiffs do not address their failure to comply with Defendants' written discovery requests.  Rather, Plaintiffs merely state that they cannot continue with their obligations in this case while their related cases are pending in New York and ask the Court to "grant a longer postponement."  ECF No. 29 at 3-4.  However, Plaintiffs already presented this precise argument in their request to stay the case.  ECF No. 21.  The Honorable William Q. Hayes denied Plaintiffs' request, finding that Plaintiffs had not established that they will suffer a "hardship or inequity" if required to continue with this case.  ECF No. 26 at 2.  Plaintiffs have not presented any new facts and the Court finds that they have failed to establish that their failure to respond to discovery was "substantially justified" or that there are "other circumstances" that would "make an award of expenses unjust."  Fed. R. Civ P. 37(d)(3).  Accordingly, sanctions against Plaintiffs are appropriate for their failure to respond to Defendants' interrogatories.  Moreover, the requests for admission are deemed admitted and the Court **ORDERS** Plaintiffs to produce the requested documents.  See  infra Section C.

**C.      Sanctions**

      **1.      Plaintiffs failure to attend their noticed depositions and to respond to interrogatories.**

Defendants ask the Court to dismiss Plaintiffs' case on the ground that the Plaintiffs have flagrantly disregarded the discovery process.  ECF No. 25 at 5.  Alternatively, Defendants seek their reasonable attorneys fees and costs.  Id.

Rule 37 of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action if a party fails to appear for his or her deposition, respond to properly served discovery requests, or comply with a court order.  Fed. R. Civ. P. 37(b), (d).  Dismissal is an appropriate sanction only where the non-complying party's behavior demonstrates "willfulness, bad faith, or fault."  Hyde & Drath v. Baker, 24 F.3d 1162, 1167 (9th Cir. 1994).  "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault."  Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003) (quoting Hyde & Drath, 24

F.3d at 1166).  However, before dismissing a case, a court should consider the following factors: "(1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its dockets, (3) the risk of prejudice to the party seeking sanctions, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." Hyde & Drath, 24 F.3d at 1166 (citing Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990)); see also Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang, 105 F.3d 521, 524 (9th Cir. 1997). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction.  Thus the key factors are prejudice and availability of lesser sanctions." Hwang, 105 F.3d at 524.

Here, both the prejudice and availability of lesser sanctions factors weigh against dismissal at this time.  While Defendants have suffered harm from Plaintiffs' repeated discovery violations, Defendants still have time before the discovery deadline to conduct the requested discovery. Similarly, while Plaintiffs have intentionally violated a Court order by failing to appear at the March 29th hearing, the Court has not conclusively determined that lesser sanctions will not be successful in getting Plaintiffs to comply with their discovery obligations or that Plaintiffs will ignore the Court's discovery orders. Accordingly, the Court declines to recommend that this case be dismissed for Plaintiffs' current discovery violations.  However, the Court notes that Plaintiffs have repeatedly, knowingly, and intentionally violated their discovery obligations and court orders. The Court warns Plaintiffs that a future failure to comply with a discovery obligation or a court order may result in the dismissal of this case.  See Fed. R. Civ. P. 37.

The Court finds that Defendants' alternative request of fees and costs is an appropriate sanction for Plaintiffs' failure to appear for their depositions, failure to respond to the Special Interrogatories, and failure to attend the required court hearing.  Defendants request $200 for court reporter fees incurred when Plaintiffs failed to show at their February 15, 2011 depositions. ECF No. 25-1 at 5; ECF No. 25-2 at 4, Ex. D (paid invoice). The Court finds that this expense is a reasonable one incurred as a direct result of Plaintiffs' intentional refusal to appear for their properly-noticed deposition and Defendants' need to document the discovery violation.

Defendants also request $820 in attorney's fees, representing four hours of Mr. Brewster's work at his billing rate of $205 per hour.  In his declaration, Mr. Brewster explains that these four

hours consist of: preparing and filing the notice of motion, memorandum of points and authorities and his declaration, appearing for Plaintiffs' depositions and emailing Plaintiffs with respect to their depositions and discovery responses. ECF No. 25-2 at 4. The Court has broad discretion to determine attorney's fees (Paul v. Graulty, 886 F.2d 268, 270 (9th Cir. 1989)), and finds it appropriate to make the following changes to Defendants' request:

> 1) The Court deducts 30 minutes from Defendants' request for attorney's fees, representing Mr. Brewster's time spent corresponding with Plaintiffs via emails. The Court finds this work was not the result of Plaintiff's failures and therefore not an appropriate basis for an award of attorney's fees. Fed. R. Civ. P. 37(d)(3).
>
> 2) The Court adds one hour to Defendants' request for attorney's fees, representing Mr. Brewster's appearance in court on March 29, 2011 for the hearing on Defendants' Motion for Sanctions.

These adjustments bring the time Mr. Brewster has expended on this matter to 4.5 hours. At Mr. Brewster's reasonable hourly rate of $205, his attorney's fees stand at $922.50. Thus, the Court **ORDERS** Plaintiffs to pay Defendants $1,122.50, representing Mr. Brewster's reasonable attorney's fees and the $200 fee incurred as a result of Plaintiffs' failure to appear for their depositions. Plaintiffs must pay this sanction by **April 18, 2011** and must file with the Court a Notice of Payment of Sanctions by **April 25, 2011**.

### 2. **Plaintiffs' failure to respond to Defendants' request for production of documents**

Although Plaintiffs knowingly and intentionally failed to comply with Rule 34 and produce the requested documents, Rule 37 sanctions are not available. However, Rule 37 sanctions are appropriate when a party fails to obey a court order to provide discovery. Fed. R. Civ. P. 37(b)(2)(A). Therefore, the Court **ORDERS** Plaintiffs to respond to Defendants' request for production of documents by **April 20, 2011.** Plaintiffs' failure to respond to Defendants' Request for Production of Documents by this date will result in the imposition of Rule 37 sanctions, including the possible dismissal of the case. Id.

### 3. **Plaintiffs' failure to respond to Defendants' request for admissions**

Rule 36 mandates that if Requests for Admissions are not timely answered, each request

is deemed admitted unless the responding party establishes that a withdrawal of these admissions would "promote the presentation of the merits of the actions" and would not "prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36. Plaintiffs have not made the requisite showing, so each Request is deemed admitted and conclusively established.

### D.  Discovery Orders

Throughout their correspondence with defense counsel and in their opposition to the instant motion, Plaintiffs never argue that Defendants' discovery requests were unreasonable or improper. Accordingly, and in an effort to provide Plaintiffs with a final opportunity to comply with their discovery obligations in this case, the Court **ORDERS** Plaintiffs to appear for their depositions on **April 22, 2011** at the Office of George Brewster, 1600 Pacific Highway, Room 355, San Diego, CA, 92101. Plaintiff Louis A. Bravo's deposition will begin at **9:00 a.m.**, and the deposition of Plaintiff Julia Sorokin will begin at **11:00 a.m.** Both Plaintiffs also are required to provide written responses to Defendants' Requests for Production of Documents and Special Interrogatories by **April 20, 2011.** Plaintiffs are again warned that failure to comply with this Court's orders, failure to respond to written discovery, and/or failure to appear for the April 22nd depositions may result in additional sanctions, including the dismissal of their case in whole.

### E.  Settlement Conference

Given Plaintiffs' discovery violations and the resulting status of the case, the Court **VACATES** the Settlement Conference currently scheduled for April 15, 2011.

**IT IS SO ORDERED.**

DATED: April 6, 2011

*(signature)*

BARBARA L. MAJOR
United States Magistrate Judge