UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA SOROKIN, LOUIS A. BRAVO,<br><br>            Plaintiffs,<br><br>v.<br><br>SHERIFF'S DEPARTMENT OF SAN DIEGO COUNTY, et al.,<br><br>            Defendants. | Case No. 10cv1842- WQH (BLM)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING DEFENDANTS' REQUEST FOR DISMISSAL OF THE ACTION**<br><br>[ECF No. 32] |

Plaintiffs Julia Sorokin and Louis A Bravo filed this civil rights action in September 2010 and participated in two telephonic conferences with the Court in November and December 2010. However, other than those activities, Plaintiffs have not made any legitimate effort to litigate this case, have repeatedly refused to respond to or comply with Defendants' discovery requests, and have ignored every one of the Court's orders. Accordingly, and for the reasons set forth below, this Court **RECOMMENDS** that Defendants' current motion for terminating sanctions be **GRANTED**.

**FACTUAL BACKGROUND**

In 2010, Plaintiffs Julia Sorokin and Louis Bravo filed three complaints in the Southern District of California. In May, Plaintiffs filed a civil rights complaint against a number of individuals and entities involved in law enforcement in New York City. 10cv1153-WQH(BLM). In September

2010, Plaintiffs filed the instant civil rights complaint against a number of individuals and entities involved in law enforcement in San Diego. ECF No. 1. In the same month, Plaintiffs filed a complaint against Dow Jones, The Wall Street Journal, and an individual. 10cv1861-WQH(BLM). In February 2011, the first and third cases were transferred to the Southern District of New York. As a result, only the instant case remains in the Southern District of California.

On December 6, 2010, after consulting with all parties, this Court issued a scheduling order setting discovery deadlines and requiring the parties to complete all discovery by July 1, 2011. ECF No. 13. In accordance with the Court's order, Defendants noticed the depositions of both Plaintiffs and served Plaintiffs with Requests for Production of Documents, Requests for Admission, and Special Interrogatories. ECF No. 25-2 at 3, Exhibit B. Plaintiffs failed to appear for their depositions and failed to respond to any of the written discovery. Id. at 4. As a result, Defendants filed a motion for terminating sanctions or, in the alternative, attorneys' fees. ECF No. 25. Plaintiffs filed an untimely opposition in which they indirectly acknowledged that they had not complied with their discovery obligations but argued that they should be excused from handling the instant litigation since they are busy handling the New York litigation. ECF No. 29. Plaintiffs failed to appear for the court hearing. ECF No. 30.

On April 6, 2011, this Court issued an order rejecting Plaintiffs' arguments and granting Defendants' motion for sanctions. ECF No. 31. The Court specifically found that Plaintiffs knowingly, voluntarily, and intentionally failed to appear at their properly-noticed depositions and to respond to properly-issued written discovery. Id. at 3-5. The Court declined to recommend the imposition of terminating sanctions but reminded Plaintiffs that a "future failure to comply with a discovery obligation or a court order may result in the dismissal of the case." Id. at 6. The Court ordered Plaintiffs to pay $1,122.50 to Defendants as sanctions for Plaintiffs' intentional discovery violations. Id. at 7. The Court also ordered Plaintiffs to respond to Defendants' written discovery requests by April 20, 2011 and to appear for their depositions at Defendants' counsel's office on April 22, 2011. Id. at 7-8. Finally, the Court ordered that each Request for Admission was deemed admitted and conclusively established. Id. at 8.

Plaintiffs failed to pay the court-ordered sanctions, failed to provide the court-ordered

written discovery, and failed to appear for their depositions. ECF No. 32-2 at 2, Declaration of George W. Brewster, Jr. ("Brewster Decl."). As a result, Defendants filed a second motion for terminating sanctions. ECF No. 32-1. The Court issued a briefing schedule and ordered Plaintiffs to file their opposition by May 20, 2011 and to appear in Court on June 7, 2011. ECF No. 34. Plaintiffs did not file an opposition and did not appear in court as ordered. ECF No. 37.

## LEGAL ANALYSIS

Rule 37 of the Federal Rules of Civil Procedure empowers this Court to issue sanctions against a party for failing to make disclosures or cooperate in discovery. These sanctions include but are not limited to: (1) establishing designated facts for the purposes of the action; (2) refusing to allow the disobedient party to support or oppose designated claims or from introducing designated matters in evidence; (3) striking pleadings or parts of pleadings until the order is obeyed; (4) staying further proceedings until the order is obeyed; (5) dismissing the action or proceeding in whole or in part or rendering a judgment of default against the disobedient party; and (6) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. See Fed.R.Civ.P. 37(b)(2)(A),(i-vii).

Dispositive sanctions such as dismissal of the complaint are "authorized only in extreme circumstances and only where the violation is due to willfulness, bad faith, or fault of the party." In re The Exxon Valdez, 102 F.3d 429, 432 (9th Cir. 1996) (quoting United States v. Kahaluu Const., 857 F.2d 600, 603 (9th Cir. 1988)). "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003) (quoting Hyde & Drath v. Baker, 24 F.3d 1162, 1166 (9th Cir. 1994)). Dismissal of an action in its entirety represents the most severe penalty that can be imposed. Kahaluu Const., 857 F.2d 600, 602 at n. 5. In determining whether to issue a default or dismissal of a party's action pursuant to Rule 37(b), the Court must consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004)

(quoting Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987)).  This test is a disjunctive balancing test, so not all five factors must support dismissal.  See Bolden v. Los Angeles County Sheriff, 2008 WL 1969230, *5 (C.D. Cal. April 30, 2008) (citing Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir.1998)) (explaining that dismissal is appropriate when four factors support dismissal or where three factors "strongly" support dismissal).

Here, all of the factors, except the public policy set forth in factor four, strongly favor dismissal of the case.  While the first factor, the public's interest in the expeditious resolution of litigation, generally favors dismissal, it is especially appropriate in this case.  See Bolden, 2008 WL 1969230 at *3 (citing Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002)).  Plaintiffs have knowingly and willfully refused to engage in any discovery during the nine months that this case has been pending and the time period for conducting discovery ends on July 1, 2011.  ECF No. 13.  Given Plaintiffs' complete failure to engage in discovery, as well as their decision to not participate in this case for almost three months,[1] the public's interest would best be served by dismissal.  See Pagtalunan, 291 F.3d at 642 (finding that Plaintiff's failure to pursue the case for almost four months weighed in favor of dismissal); see also In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1234 (noting that "dismissal serves the public interest in expeditious resolution of litigation as well as the court's need to manage the docket when a plaintiff's noncompliance has caused the action to come to a halt, thereby allowing the plaintiff, rather than the court, to control the pace of the docket") (citing Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)).

The second factor also favors dismissal.  Plaintiffs' voluntary and intentional decision to ignore the discovery process and this Court's orders interferes with this Court's ability to manage the case and move it towards disposition.  Additionally, Plaintiffs' case has required time and attention from this Court that could have been put towards other matters on the Court's docket.  See Computer Task Group Inc., 364 F.3d at 1115 (stating that "Where a court order is violated,

---

[1] Plaintiffs' last filing with the Court was on March 22, 2011 [See ECF No. 29], and Plaintiffs' last communication with defense counsel was on April 21, 2011, and was only to say that they would not be appearing for their Court ordered depositions.  ECF No. 32-2 at 3, Exhibit A.

the first and second factors will favor sanctions....") (citing Malone, 833 F.2d at 130; see also Pagtalunan, 291 F.3d at 642 (stating that "it is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants" and that the second factor weighed in favor of dismissal where Plaintiff's petition "consumed some of the court's time that could have been devoted to other cases on the docket").

Like the first two factors, the third factor of prejudice weighs in favor of dismissal. The prejudice factor looks to whether one party's "actions impaired... [the other party's] ability to go to trial or threatened to interfere with the rightful decision of the case." Kahalu Const., 857 F.2d at 604 citing Malone, 833 F.2d at 131. Delay alone, however, is not sufficient to justify dismissal. See Mir v. Fosburg, 706 F.2d 916, 919 & n.2 (9th Cir. 1983). "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." Malone, 833 F.2d at 131. Here, Plaintiffs' willful, bad-faith conduct has prevented Defendants from obtaining any evidence and has directly interfered with the rightful decision of the case. Moreover, the only explanations that Plaintiffs have provided for their repeated failures to comply with discovery are their statements that they are not going to litigate this case while they are litigating the New York cases (ECF No. 29, 25-2 at 3, Brewster Decl. & 26) and that they have "filed a criminal complaint with the FBI and will go that route for now." ECF No. 32-2 at 3, Brewster Decl. Both the district judge and this Court have rejected these arguments (ECF Nos. 26 & 31) and this Court does so again. Plaintiffs have not provided any explanation for their failure to comply with this Court's orders. Plaintiffs, therefore, have failed to rebut the presumption of injury to the Defendants from unreasonable delay. See Moneymaker v. CoBen (In re Eisen), 31 F.3d 1447, 1452-1453 (9th Cir.1994) ("the burden of production shifts to the defendant to show at least some actual prejudice", only when a plaintiff has come forth with an excuse for his or her delay that is anything but frivolous.")[2].

The fourth factor, the public policy favoring disposition of cases on their merits, always

---

[2]See also Adriana Intern. Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990)) (holding that the plaintiff's repeated failure to appear at depositions and continuing refusal to comply with court-ordered production of documents interfered with the rightful decision of the case and therefore was prejudicial); In re Exxon Valdez, 102 F.3d at 433 (holding that the plaintiffs' failure to respond to discovery and the time consumed in attempting to secure compliance prejudiced defendants).

weighs against dismissal. Pagtalunan, 291 F.3d at 643. Despite the policy favoring disposition on the merits, however, it remains a litigant's responsibility to comply with orders issued by the court and "to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." In re Eisen, 31 F.3d at 1454 (quoting Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991)). Plaintiffs have failed to meet this responsibility.

The fifth and final factor requires a court to consider the "impact of the sanction and the adequacy of less drastic sanctions." Kahalu Const., 857 F.2d at 604 (citing Malone, 833 F.2d at 131) (quoting United States v. National Medical Enterprises, 792 F.2d 906, 912 (9th Cir. 1986)). In Kahaluu Const., the Ninth Circuit opined that "the district court is generally required to discuss alternative sanctions; but, in exceptional cases, where it is clear that no other alternative would have been reasonable, we may affirm a dismissal or default judgment despite the absence of such a discussion." Id. (citing Halaco v. Engineering Co. v. Costle, 843 F.2d 376, 381 (9th Cir. 1998)) ("consideration of less severe penalties must be a reasonable explanation of possible and meaningful alternatives."); Anderson v. Air West, Inc., 542 F.2d 522, 525 (9th Cir. 1976) ("'reasonable exploration of possible and meaningful alternatives' is required, although it is not necessary that every possible alternative be explored."). The fact that a court "actually implemented alternative sanctions prior to dismissal may be enough to satisfy the 'consideration of alternatives' requirement." Kahaluu Const. 857 F.2d at 604 (citing Malone, 833 F.2d at 132). The court further cited to Malone for the proposition that a "series of sanctions ... constitut[es] a natural progression, much like progressive discipline, with dismissal being the last step." Id. If a court fails to warn a claimant "explicitly or implicitly that their procedural lapses might result in a judgment against them" then it places that court's order of dismissal "in serious jeopardy." Id. In sum, a "three-part analysis determines whether a court properly considered the adequacy of less drastic sanctions: (1) did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inappropriate, (2) did the court implement alternative sanctions before ordering dismissal, and (3) did the court warn the party of the possibility of dismissal before actually ordering dismissal?" U.S. Equal Employment Opportunity Com'n v. ABM Industries Inc., 2009 WL 1287757, *4 (E.D.Cal. May 7, 2009) (quoting Adriana

<u>Intern. Corp.</u>, 913 F.2d at 1412-1413.

As summarized in the next paragraph, the Court and Defendants have given Plaintiffs numerous opportunities to comply with their discovery obligations, the Court has imposed lesser sanctions, both monetary and evidentiary to no avail, and the Court has repeatedly warned Plaintiffs that continued failure to comply with court orders may result in dismissal of the case. Despite these efforts, Plaintiffs have knowingly, willfully, and in bad-faith chosen not to comply with their discovery obligations and not to comply with any of the Court's orders. Accordingly, dismissal is both warranted and the only remaining option.

Initially, Defendants rescheduled Plaintiffs' properly-noticed depositions at the request of the Court due to Mr. Bravo's medical appointment. ECF No. 25-2 at 2, Brewster Decl. Defendants permitted Plaintiffs to choose the new date for their depositions and sent a reminder email one week before the depositions were scheduled to take place. <u>Id</u>. at 3. Despite these efforts, Plaintiffs waited until the day before the depositions were scheduled to take place to notify defense counsel that they were not going to appear. <u>Id</u>. Second, Plaintiffs ignored this Court's order to appear in court on March 29, 2011 to address the discovery violations despite the Court's written warning that "[f]ailure of counsel or of any party to comply with ... any order of the court may be ground for imposition by the court of any and all sanctions authorized by statute or rule or within the inherent power of the court, including, without limitation, dismissal of any actions, entry of default, finding of contempt, imposition of monetary sanctions or attorneys' fees and costs, and other less sanctions." ECF No. 24 at 1-2. Third, this Court ordered Plaintiffs to appear for their depositions on a new date and imposed monetary sanctions for costs and fees incurred by defense counsel for the missed depositions. ECF No. 31 at 8. In the Order, the Court again explicitly warned Plaintiffs that "failure to respond to written discovery, and/or failure to appear for the April 22nd depositions may result in additional sanctions, including the dismissal of their case in whole." <u>Id</u>. After receiving a reminder email from defense counsel the day before their scheduled deposition, Plaintiffs again chose to ignore a Court Order and did not appear. ECF No. 32-2 at 1-2, Brewster Decl. and Exhibit A (Plaintiffs stated in an email that they would not appear for their depositions because "we filed a criminal complaint with the FBI and will go that route for

now"). Plaintiffs also failed to pay the monetary sanctions. Finally, Plaintiffs deliberately ignored yet another court order when they failed to oppose Defendants' motion and failed to appear for the scheduled hearing on June 7, 2011. ECF Nos. 33 & 37. The Court's written order again warned Plaintiffs that failure to comply with the Court's orders could result in the dismissal of their case. ECF No. 33 at 1-2.

Neither the Court's orders, three explicit warnings, nor the imposition of lesser sanctions were effective in getting Plaintiffs to participate in this matter. "Under these circumstances, no further exploration of less drastic sanctions is necessary." Bolden, 2008 WL 1969230 at *3 (recommending dismissal of the action in its entirety when Plaintiff failed to attend her deposition three times and was warned that her failure to appear might result in the dismissal of the action) (citing Computer Task Group Inc., 364 F.3d at 1116-7) (noting that where there is "continued willful disobedience, the magistrate judge could reasonably conclude that additional lesser sanctions would be pointless," and that the disobedient party "had sufficient notice that continued refusal to cooperate would lead to terminating sanctions")[3].

Four out of five factors support dismissal in this case and the record supports the conclusion that Plaintiffs actions were willful, intentional, and unjustified. Plaintiffs' blatant disregard of their discovery obligations and repeated refusals to comply with court orders mandate that dismissal is both appropriate and the only remaining option. Accordingly, dismissal of this matter with prejudice is warranted under FRCP 37(b).

## CONCLUSION AND RECOMMENDATION

In light of Plaintiffs' lack of opposition, repeated failures to comply with Court orders, numerous unanswered relevant discovery requests, and Plaintiffs' total failure to prosecute the

---

[3] See also King v. DYNASTY M/V, 2011 WL 1868412, *2 (9th Cir. 2011) (affirming the district court's dismissal of Plaintiff's case under FRCP 37(b) where the Court weighed the five factors and Plaintiff previously failed to comply with court orders following the imposition of lesser sanctions); Johnson v. Navejas, 2009 WL 484980, *1 (W.D. Wash. Feb. 25, 2009) (dismissing Plaintiff's case under FRCP 37 where Plaintiff refused to be deposed even after the Court granted Defendants' motion to compel and Plaintiff was advised by the Court of his obligation to participate in the discovery process); and United States of America v. Hemfling, 2008 WL 703809, *9 (E.D. Cal. March 13, 2008) (finding default judgment appropriate where Defendant acted willfully and in bad faith and did not comply with discovery rules and orders and "less drastic sanctions would serve no purpose other than to reward" the Defendant's game playing).

case, **IT IS HEREBY RECOMMENDED** that Defendants' request for dismissal of the action be **GRANTED**.

    **IT IS ORDERED** that no later than **July 1, 2011** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

    **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **July 8, 2011**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

    **IT IS SO ORDERED**.

DATED: June 17, 2011

*[signature]*

BARBARA L. MAJOR
United States Magistrate Judge