1
2
3
4
5
6
7
8

9              **UNITED STATES DISTRICT COURT**

10             **SOUTHERN DISTRICT OF CALIFORNIA**

11

12  JULIA SOROKIN, LOUIS A. BRAVO,              CASE NO. 10cv1842 WQH (BLM)

13                          Plaintiffs,         ORDER
                   vs.
14  JULIO SANDOVAL, in his official
    capacity as San Diego County Sheriff's
15  Detective, SHERIFF'S DEPARTMENT
    OF SAN DIEGO COUNTY, CARLOS
16  VASQUEZ, in his official capacity as San
    Diego Sheriff's Detective, LENICE
17  LOPEZ, in her official capacity as San
    Diego County Sheriff's Detective, LAS
18  COLINAS WOMEN DETENTION
    FACILITY, COUNTY OF SAN DIEGO
19
20                          Defendants.

21  HAYES, Judge:

22       The matter before the Court is the Report and Recommendation ("R&R") (ECF No. 38)

23  of Magistrate Judge Barbara L. Major, filed on June 17, 2011, recommending that this Court

24  grant the Motion for Sanctions (ECF No. 32) filed by Defendants and dismiss this matter with

    prejudice pursuant to Fed. R. Civ. P. 37(b).
25
                                BACKGROUND
26
         In 2010, Plaintiff initiated three actions in this Court.  Two cases, which were filed
27
    against New York law enforcement, New York individuals, and New York businesses,
28
    were transferred to the Southern District of New York.  The remaining case was filed on

September 3, 2010, against Defendants Julio Sandoval, San Diego County Sheriff's Detective; Sheriff's Department of San Diego County; Carlos Vasquez, San Diego Sheriff's Detective; Lenice Lopez, San Diego Sheriff's Detective; Las Colinas Women Detention Facility; and the County of San Diego. (ECF No. 1). On September 23, 2010, Defendants Sheriff's Department of San Diego County, Lenice Lopez, Las Colinas Women Detention Facility, and County of San Diego filed an Answer and on September 28, 2010, Defendants filed an Amended Answer. (ECF No. 6). On December 6, 2010, the Honorable United States Magistrate Judge Barbara L. Major issued a Case Management Conference Order Regulating Discovery and Other Pretrial Proceedings. (ECF No. 13).

On February 17, 2011, Plaintiffs filed a Request for Case Postponement to allow Plaintiffs to travel to New York which was denied. (ECF No. 21). Defendants noticed the depositions of both Plaintiffs and served Plaintiffs with Requests for Production of Documents, Requests for Admission, and Special Interrogatories; however, Plaintiffs failed to appear for their depositions and failed to respond to any of the written discovery. On March 2, 1011, Defendants filed a Motion for Sanctions. (ECF No. 25). Plaintiffs filed an untimely opposition and failed to appear to the motion hearing. (ECF No. 29).

On April 6, 2011, Magistrate Judge granted in part the Motion for Sanctions and found that Plaintiffs "knowingly, voluntarily, and intentionally" failed to participate in discovery. (ECF No. 31 at 4). The Magistrate Judge declined to recommend dismissal of the matter but stated that "future failure to comply with a discovery obligation or a court order may result in the dismissal of the case." *Id.* at 6. The Magistrate Judge ordered Plaintiffs to pay $1,122.50 to Defendants as sanctions for Plaintiffs' intentional discovery violations. *Id.* at 7. The Magistrate Judge also ordered Plaintiffs to respond to written discovery requests and to appear for their depositions.

Plaintiffs failed to pay the court-ordered sanctions, Plaintiffs failed to provide the court-ordered written discovery, and Plaintiffs failed to appear for their depositions. Defendants filed a second Motion for Sanctions requesting dismissal of the matter with prejudice. (ECF No. 32). The Magistrate Judge issued a briefing schedule and ordered

Plaintiffs to file their opposition by May 20, 2011 and to appear for a hearing on June 7, 2011. (ECF No. 34). Plaintiffs failed to file an opposition and Plaintiffs failed to appear for the hearing. (ECF No. 37).

On June 17, 2011, the Magistrate Judge issued a Report and Recommendation recommending that this Court grant the Motion for Sanction (ECF No. 32) filed by Defendants and dismiss this matter with prejudice pursuant to Fed. R. Civ. P. 37(b). The Magistrate Judge set July 1, 2011 as the deadline for the filing of any objections to the Report and Recommendation. Plaintiff have failed to file any objections.

## DISCUSSION

The duties of the district court in connection with a magistrate judge's report and recommendation are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court must "make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

The Magistrate Judge correctly found that Fed. R. Civ. P. 37 provides: "If a party ... fails to obey an order to provide or permit discovery... the court where the action is pending may issue further just orders [including] ... dismissing the action or proceeding in whole or in part...." Fed. R. Civ. P. 37(b)(v). The Magistrate Judge correctly considered the following five factors to determine whether to dismiss the matter in its entirety: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004) (quoting *Malone v. U.S. Postal Serv*., 833 F.2d 128, 130 (9th Cir. 1987)).

The Magistrate Judge correctly found that all of the factors, except for the forth factor regarding public policy, "strongly favor dismissal of the case." (ECF No. 38 at 4). The Magistrate Judge correctly concluded that "Plaintiffs' blatant disregard of their

discovery obligations and repeated refusals to comply with court orders mandate that dismissal is both appropriate and the only remaining option." *Id*. at 8.

After de novo review of the record and the submissions of the parties, the Court finds that the Motion for Sanctions (ECF No. 32) filed by Defendants is GRANTED. This matter is dismissed with prejudice pursuant to Fed. R. Civ. P. 37(b).

CONCLUSION

IT IS HEREBY ORDERED that the Court ADOPTS the Report and Recommendation (ECF No. 38) in its entirety and the Motion for Sanctions (ECF No. 32) filed by Defendants is GRANTED. The case is dismissed with prejudice.

DATED: July 25, 2011

**WILLIAM Q. HAYES**
United States District Judge